914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
DEENA PRODUCTS COMPANY, INC., Respondent.
 No. 90-6017.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Deena Products Company, Inc., Wickliffe, Kentucky, its officers, agents, successors, and assigns, enforcing its order dated March 21, 1990, in Case No. 26-CA-13470, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Deena Products Company, Inc., Wickliffe, Kentucky, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Failing and refusing to submit withheld dues to United Industrial Workers, Service, Transportation, Professional, and Government of North America of the Seafarers International Union, Atlantic, Gulf, Lakes and Inland Waters District, AFL-CIO.
 
 
 4
 (b) Failing and refusing to make required contributions to its employees' health and welfare plan.
 
 
 5
 (c) Failing and refusing to bargain with the Union about the effects of the closing of its Wickliffe, Kentucky facility on employees in the following appropriate unit:
 
 
 6
 All production, maintenance and shipping employees employed by the Respondent at its Wickliffe, Kentucky, facility, excluding all office clericals, guards, professional employees and supervisors as defined in the National Labor Relations Act.
 
 
 7
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 8
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 9
 (a) Submit to the Union all dues collected and withheld from the Union since on or about April 4, 1989, as set forth in the remedy section of this Decision and Order.
 
 
 10
 (b) Make whole unit employees and their health and welfare plan fund for any expenses they incurred as a result of the Respondent's failure to make required health and welfare plan contributions, as set forth in the remedy section of this Decision and Order.
 
 
 11
 (c) On request, bargain with the Union as the exclusive representative of the unit employees about the effects on those employees of the closing of the Wickliffe, Kentucky facility, and reduce to writing any agreement reached as a result of such bargaining.
 
 
 12
 (d) Make whole unit employees for losses suffered as a result of the Respondent's failure to bargain about the effects of closing the Wickliffe facility, in the manner set forth in the remedy section of the Board's Decision and Order.
 
 
 13
 (e) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 14
 (f) Mail an exact copy of the attached notice marked "Appendix" to the Union and to all employees in the appropriate collective-bargaining unit who were employed at the Wickliffe, Kentucky facility at the time of its closing. Copies of the notice, on forms provided by the Regional Director for Region 26, after being signed by the Respondent's authorized representative, shall be mailed immediately upon receipt as above directed.
 
 
 15
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 16
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 17
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 18
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 19
 WE WILL NOT fail and refuse to submit employees' dues to the United Industrial Workers, Service, Transportation, Professional, and Government of North America of the Seafarers International Union, Atlantic, Gulf, Lakes and Inland Waters District, AFL-CIO.
 
 
 20
 WE WILL NOT fail and refuse to make required contributions to our employees' health and welfare plan.
 
 
 21
 WE WILL NOT fail and refuse to bargain in good faith with the Union about the effect of our decision to close our Wickliffe, Kentucky facility on employees in the following appropriate unit:
 
 
 22
 All production, maintenance and shipping employees employed by Deena Products Company, Inc. at its Wickliffe, Kentucky, facility, excluding all office clericals, guards, professional employees and supervisors as defined in the National Labor Relations Act.
 
 
 23
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 24
 WE WILL submit to the Union, with interest, all dues that we have collected and withheld from it since on or about April 4, 1989.
 
 
 25
 WE WILL make whole unit employees and their health and welfare plan by making all health and welfare plan contributions that we have unlawfully failed to make and by reimbursing the employees, with interest, for any expenses they incurred as a result of our failure to make such payments.
 
 
 26
 WE WILL, on request, bargain collectively with the Union about the effects on our unit employees of our decision to close our Wickliffe facility, and WE WILL reduce to writing any agreement reached as a result of such bargaining.
 
 
 27
 WE WILL make unit employees whole, in the manner set forth in the Board's Decision and Order, for losses suffered as a result of our failure to bargain with the Union about the effects of closing our Wickliffe facility.
 
 
 28
 DEENA PRODUCTS COMPANY, INC.
 
 
 29
 /S/ (Employer)
 
 
 30
 Dated _______________ By _____________________________________________________
 
 
 31
 (Representative) (Title)
 
 
 32
 This is an official notice and must not be defaced by anyone.
 
 
 33
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1407 Union Avenue, Suite 800, Memphis, Tennessee 38104-3627, Telephone 901-521-2687.